**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANYKA HARRIS, individually and as Successor in Interest to Jontell Reedom, deceased; BOBBY REEDOM, individually and as Successor in Interest to Jontell Reedom, deceased, | No.   22-15142 |
| Plaintiffs-Appellees, | D.C. No. 1:18-cv-01135-JLT-SKO |
| v. | MEMORANDUM* |
| CITY OF TULARE; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted December 6, 2022
Pasadena, California

Before:  R. NELSON, BADE, and FORREST, Circuit Judges.

Appellants, Officers Clemente Clinton and Jose Valencia, appeal the district

court's partial denial of summary judgment on their qualified immunity claim.  We

have jurisdiction pursuant to 28 U.S.C. § 1291.  *See Plumhoff v. Rickard*, 572 U.S.

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

765, 772 (2014) ("[P]retrial orders denying qualified immunity generally fall within the collateral order doctrine."). Because the law was not clearly established at the time of the challenged conduct, we reverse and remand.

We review de novo the district court's legal conclusion that the officers were not entitled to qualified immunity. *See Russell v. Lumitap*, 31 F.4th 729, 736 (9th Cir. 2022). Appellants do not challenge the district court's finding that, viewing the disputed evidence in the light most favorable to Plaintiffs, a reasonable jury could conclude that the officers violated decedent's constitutional rights.[1] Instead, Appellants challenge only the district court's conclusion that the right was "clearly established," which is a purely legal question. *Morales v. Fry*, 873 F.3d 817, 825 (9th Cir. 2017).

---

[1] Some of the events were recorded by "bystanders from a car, most likely with a cell phone." The district court found that decedent had been in a physical fight with the officers, he kicked and punched one of the officers, and was resisting arrest. The officers had tried other methods to subdue the decedent, including "tasing" him four times and using pepper spray. The recording shows the decedent seize an officer's baton, but then a passing car blocks the camera for approximately two seconds. When the car passes, there are audible gun shots on the recording and the decedent is standing facing the officers. The district court concluded that the recording "does not support either party's version of the events," or show whether the decedent had raised his hands. But viewing the evidence in the light most favorable to Plaintiffs, the district court found that a reasonable jury could conclude that during the two seconds the recording was obscured, the decedent was not holding the baton over his head or "brandishing it." We do not have jurisdiction to review the district court's determination that the disputed facts were sufficient to establish a constitutional violation. *See Peck v. Montoya*, 51 F.4th 877, 886 (9th Cir. 2022).

Clearly established rights are not to be interpreted "at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). A clearly established right is so "sufficiently clear that every reasonable [officer] would have understood that what he is doing violates that right." *Id.* at 11 (quotation omitted). This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Further, "[i]n determining whether the law has been clearly established, there does not need to be 'a case directly on point, but existing precedent must have placed the . . . constitutional question beyond debate.'" *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 740 (2011)). We lack "jurisdiction to decide whether there is a genuine issue of material fact" but we "have jurisdiction to decide whether, taking the facts in a light most favorable to the non-moving party, the defendants are entitled to qualified immunity." *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017).

Plaintiffs bear the burden of showing that the constitutional right was clearly established at the time of the challenged offense. *Vos*, 892 F.3d at 946. But the cases relied on by both the district court and Appellees involve materially different facts and do not evidence a clearly established right to be free from deadly force when standing and facing officers, while holding a weapon seized from an officer seconds earlier during a continuing physical altercation, with no physical incapacity,

3

and within striking distance of the officers. First, Appellees point to *Lam v. City of Los Banos*, 976 F.3d 986 (9th Cir. 2020) (*Lam II*)[2], and *Zion v. County of Orange*, 874 F.3d 1072 (9th Cir. 2017). In *Lam II*, after the decedent stabbed an officer with scissors, the officer shot him, retreated down a hall, and took time to clear his gun before again shooting the decedent, who was then unarmed and incapacitated. 976 F.3d at 992. We said that precedent had established that it is "unlawful for a police officer to shoot a mentally ill man in deteriorating health in his own home, who—though previously armed—was incapacitated and no longer posed a threat." *Id.* at 1000. But in contrast to the circumstances in *Lam II*, at the time he was shot, the decedent was in close proximity to the officers and had taken one of the officer's baton only seconds before. Thus, the decedent was not "previously armed"—he had a weapon in his hand. *Id.* at 1000. Likewise, at the time of the shooting, the decedent was standing and facing the officers, he was in an active and continuing physical altercation with the officers, he had not previously been incapacitated, and he was within striking distance of the officers, or very nearly so. These are material factual

---

[2] Cases decided after the events at issue generally are irrelevant in determining what law was clearly established at the time of the events. *See Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198, 200 (2004) ("Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct . . . . Thus, cases decided after the relevant conduct are 'of no use in the clearly established inquiry.'"). We nonetheless consider *Lam II* because the events there predate the events here, and the *Lam II* court discussed precedent that predated the events at issue here in analyzing what was clearly established law.

differences.

*Zion* involved an officer firing nine rounds in quick succession, after which the decedent fell to the ground. *See* 874 F.3d at 1075. The officer then approached the decedent while he was still on the ground and fired nine more shots. *See id*. We held that a jury could find that the decedent no longer posed a threat after the first round of shots were fired, so the officer would have been on notice that he was violating the decedent's constitutional rights in firing the second round of shots. *See id*. at 1076. Again, the firing of two rounds against a *clearly* incapacitated individual is distinguishable from this case where the decedent was holding a baton that he had forcefully taken off one of the officers and was within close proximity to them.

Plaintiffs also point to *Chien Van Bui v. City & County of San Francisco*, 699 F. App'x 614 (9th Cir. 2017), and *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997), for the proposition that it is clearly established that officers "'may not kill suspects who do not pose an immediate threat to their safety or to the safety or others simply because they are armed,' including in some circumstances in which the suspect has 'committed a violent crime in the immediate past.'" *See Chien Van Bui*, 699 F. App'x at 615–16. Not only is *Chien Van Bui* distinguishable, but it is also unpublished. *See Rico v. Ducart*, 980 F.3d 1292, 1300–01 (9th Cir. 2020) ("it will be a rare instance in which . . .we can conclude that the law was clearly established on the basis of unpublished decisions only." (citation omitted)).

5

In *Harris* we concluded that commission of "a violent crime in the immediate past is an important factor[,] but it is not, without more, a justification for killing him on sight." 126 F.3d at 1203. There, the evidence clearly indicated that the suspect was no longer posing a threat. *See id.* But here, the immediately prior commission of a violent crime is not the only factor suggesting the decedent posed a threat. Even taken in the light favorable to the Plaintiffs, the evidence establishes that the decedent physically attacked the officers, disarmed one officer of his baton, and had the baton in his hand and was within close proximity to the officer when he was shot. Thus, even if we were to rely on *Harris*, it similarly does not constitute clearly a clearly established right to be free from deadly force under the circumstances of this case.

Lastly, Plaintiffs point to *Salvato v. Miley*, 790 F.3d 1286 (11th Cir. 2015), as out-of-circuit law that proves clearly established law. This case is unavailing because the officer used deadly force without any warning on an unarmed, retreating suspect. *Id*. at 1293–94. The officer also kicked the decedent after he was already shot, handcuffed, and lying face down in the road. *Id*. at 1294. Nothing like those egregious facts is present here.

Although Plaintiffs need not point to a perfectly identical case to show clearly established law, preexisting law must render the conclusion apparent. *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994). While one can argue that the officers

6

could have made a different choice, Plaintiffs did not meet their burden to show that the officers violated a clearly established constitutional right by making the choice that they did in the heat of the moment. The district court thus erred in denying summary judgment.

**REVERSED AND REMANDED.**